**PIPPIN v. HOLLAND, County Atty.**

**No. 14155.**

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 13, 1940.

Homer B. Latham and Benson & Benson all of Bowie, for appellant.

Glenn Wilson, of Nocona, and T. H. Yarbrough, of Bowie, for appellee.

SPEER, Justice.

This suit involves the contest of an election in a Common School District in Montague County, Texas.

On October 15, 1938, an election was held in Lone Prairie Common School District No. 11, to determine whether or not that district would be consolidated with Nocona Independent School District. The result of the election was officially declared to be for the consolidation, by a vote of 17 in favor of consolidation and 12 against.

L. W. Ritchie and Joe Pippin gave notice to Louis T. Holland, County Attorney of Montague County, in statutory form, of their intention to contest the election; accompanying the notice were grounds set out upon which contestants would rely.

The contest was based upon allegations that the following persons, not qualified, were permitted to vote and that they voted for consolidation: T. P. Farris, Obie Vowell, Mrs. D. W. Sewell, John Gideon Thompson and Mrs. Rhoda Bell Thompson; that other persons who were legally qualified to vote in said election were denied that right, and if permitted to vote they would have voted against consolidation; they were alleged to be: J. J. Ritchie, Mrs. Vera Ritchie, J. B. Reeves and Mrs. Modrie Reeves.

Aside from general and special exceptions, not necessary to mention here, contestee answered by general denial and specially that one Mrs. A. C. Short voted against consolidation in said election, when she was not qualified to vote at the time and place.

L. W. Ritchie, one of the original contestants, moved out of the district pending suit and by amendment the remaining contestant, Joe Pippin, prosecuted the contest.

Trial was had to the court and nearly 400 pages of transcribed testimony was heard; at the conclusion of argument by counsel, judgment was entered upholding the result of the election in favor of consolidation, and denying contestant the relief prayed for. From this judgment appeal was perfected.

The trial court filed findings of fact and conclusions of law, with respect to each of those alleged to have voted illegally, as well also as to those who were alleged to be entitled to vote and were denied the right

by the election officers. It was found by the court that the votes of T. P. Farris and Mrs. A. C. Short were cast without authority of law or fact; that Farris voted for consolidation and Mrs. Short against it. Relative to Obie Vowell, J. G. Thompson and Mrs. Rhoda Bell Thompson, who were alleged to have voted for consolidation when they were not legal voters, the court found that they voted, but because it was not established by a preponderance of the evidence as to how they voted, the legality of their votes became immaterial as a matter of law in this suit. The facts upon which the court relied concerning Mr. and Mrs. Thompson's votes were substantially that Mr. Thompson testified by deposition on direct examination that he voted for consolidation, but on cross-examination he said that in casting his ballot he marked out that part which read: "For Consolidation," and had no recollection how the ticket read after being thus marked. Obviously, if he marked out the words, "For Consolidation", thereafter the ticket read, "Against Consolidation", making one part of his testimony contradictory to the other. This did not destroy his testimony as a whole, but simply raised a question of fact, with the burden of proof on contestant to show that he voted for consolidation. New St. Anthony Hotel Co. v. Pryor, Tex.Civ. App., 132 S.W.2d 620, writ refused; Foster v. Woodward, Tex.Civ.App., 134 S.W. 2d 417, writ refused; Hyde v. Marks, Tex. Civ.App., 138 S.W.2d 619, writ dismissed, correct judgment.

■ Mrs. Rhoda Bell Thompson testified by deposition, and when asked how she voted said that she voted "for Nocona". That she did not know what was printed on the ticket, nor what was on it after she had marked out a part of it. From this the court found that contestant had not discharged his burden of showing that she voted for "Consolidation", as alleged, and that it was immaterial to the issue as to whether or not she was in fact a legal voter.

■ Referable to Obie Vowell and Mrs. D. W. Sewell, the remaining two alleged by contestant to be illegal voters casting their ballots for consolidation, the court found from the facts proved that they were entitled to vote in the election, and there is evidence in the record abundantly sufficient, if believed, to support the court's findings.

■ The four electors alleged by contestant to be legal voters in the district, who were denied the right to vote, and who would have voted against consolidation, were J. J. Ritchie and his wife, Vera Ritchie, and J. B. Reeves and his wife, Modrie Reeves. The court found as a fact that Mr. and Mrs. Ritchie lived in a house near the line between the Lone Prairie and Belcherville Districts; that the occupants of those premises had for many years been considered by the county school superintendent and the trustees of both districts as residing in the Belcherville District, and their children had always been enrolled in that district and had attended the public schools there; that the dividing line between the districts was the line of the old Watson Survey, the location of which line was disputed, and the court found as a fact: "That exactly which district said Ritchies lived in at the time of said election is still not determined." He further found, in effect, immediately following that part quoted, that a preponderance of the evidence shows that the Ritchies were not at the time of the election qualified electors in the Lone Prairie School District. We take the court's finding of fact to mean that contestant had not discharged the burden of proof placed upon him to show that the Ritchies did in fact reside in the Lone Prairie District. The evidence in the record supports the court's findings, and for the reason hereinafter stated we are not at liberty to hold otherwise. In any event, the two votes involved would not have changed the result of the election had they been cast against consolidation.

■ There was a further finding by the court that J. B. Reeves and wife had not resided in Montague County for six months next preceding the date of the election on October 15, 1938, and therefore they were not entitled to vote in said district, as contended for by contestant. The findings and the testimony showed that Reeves and wife had lived in Zavalla County until late in August of 1938, and voted in that county in both the first and second primaries of that year. The record supports the findings of fact filed by the court.

■ In election contests such as this, where the grounds of contest are that certain persons cast illegal votes, that others entitled to vote were denied that right, and that those not entitled to vote cast their ballots against the issue involved and those who were denied the right to vote would have voted, if given the opportunity, to the

contrary, the burden of proof is upon the contestant to establish by a preponderance of the evidence, each alleged fact and to show that the result of the election would have been different if illegal votes had not been allowed and those entitled to do so had been permitted to vote. 16 Tex.Jur., sect. 145, page 190. The text cited summarizes a number of decisions there cited in these words: "If the election is contested upon the ground that one or more persons were unlawfully denied the right to vote, it devolves upon the contestant to show by clear and satisfactory evidence that such persons possessed all the necessary qualifications of voters. The votes of certain persons having been received and counted by the election officers, they are prima facie legal, and the burden is upon the contestant to show that they are illegal. And it is incumbent upon the contestant to prove that had the illegal voters not been permitted to vote the result would have been different."

 It is a well settled rule in this state that where fact issues are tried to the court without a jury, the findings of fact by the court have the same effect as the verdict of jury when one is had. In either event, if there is evidence of a substantial nature to support such findings or verdict, although there may be evidence to the contrary, the appellate court has no authority to substitute its own conclusions and deductions for those of the court or jury. 3 Tex. Jur., sect. 771, page 1102. The rule there announced has been followed many times since the text was published. See also City of Wichita Falls v. Travelers Ins. Co., Tex.Civ.App., 137 S.W.2d 170, 177, writ dismissed, correct judgment.

 In practically every instance passed upon by the court in determining whether or not the named persons were legally qualified as electors in the school district election, there was conflicting evidence, which could have been construed differently and could have been given more weight than was given by the trial court, but it was his prerogative to test the credibility of the witnesses and weight of their testimony, and there is evidence of probative force to support the conclusions reached; they are final with us.

Contestant's nine assignments of error are, substantially, that there was sufficient evidence introduced to show that each of those persons named in the petition voting for consolidation was not a legal voter, and those alleged to have been denied the right to vote would have, if permitted to do so, cast their ballots for consolidation, were legal voters. There is no complaint made by these assignments that there is no testimony in the record showing that those complained of as having voted, were entitled to vote, nor that there was an absence of testimony that those denied the right were not legal voters. The assignments only raise the question of the sufficiency of the evidence to support the findings of the court and the judgment entered thereon. It cannot be said that there was no evidence offered by contestant tending to support his contentions relative to the rights of the parties mentioned, to vote in the election, but certainly there was evidence to the contrary which raised an issue of fact for determination. If the assignments had been based upon the lack of any evidence to support the findings they would have been without merit and would have found no support in the record. With the facts controverted as they were, if the court had found with the contention of contestant, it would have been supported by competent testimony. But the findings of fact (which were analogous to a jury verdict) were against those contended for by contestant, and, having support in the record by substantial evidence, the rule above announced must be applied. 17 Tex.Jur., sect. 410, page 910; 41 Tex.Jur., sect. 378, page 1246; Oats v. Dublin Nat'l Bank, 127 Tex. 2, 90 S.W.2d 824; Post v. State, 106 Tex. 500, 171 S.W. 707; Texas Co. v. Tucker, Tex. Civ.App., 129 S.W.2d 762, writ refused; Corn v. First Texas Joint Stock Land Bank of Houston, Tex.Civ.App., 131 S.W.2d 752, 760, writ refused; Ostrom v. Jackson, Tex. Civ.App., 127 S.W.2d 987; Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed, correct judgment.

Finding no reversible error in the record, judgment of the trial court is affirmed.