**Park P. PLAMBECK, Appellant,**

v.

**CISCO INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 3779.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 3, 1963.

Rehearing Denied Jan. 18, 1963.

Scarborough, Black & Tarpley, Abilene, for appellant.

W. B. Wright, Cisco, Turner & Seaberry, Eastland, for appellees.

PER CURIAM.

This is a contest of an election held in the Cisco Independent School District on September 8, 1962, for the purpose of determining whether certain school bonds would be approved. The board certified that the election resulted in favor of the issuance of the bonds.

The court sustained exceptions to plaintiff's second amended petition. He refused to amend and the court dismissed his case. The plaintiff has appealed contending the court erred in sustaining such exceptions.

The plaintiff pleaded there was only one polling place in the entire district and that there was no canvass of the votes; that no one was asked to show his poll tax receipt or exemption certificate or required to file an affidavit in lieu thereof; that no list of the qualified voters of the district was furnished the election judges.

The plaintiff pleaded specifically: "It is likewise impossible today to determine by examining the ballots with any degree of certainty the true results of the election or to find out if the will of the people had been followed because of the hereinafter described irregularities."

"This plaintiff would show that a list of the voters in Precinct #12 Eastland County, Texas, was furnished the election judges of said election. Said list showed the people in Precinct 12 in Eastland County, Texas, who had paid their poll taxes. Attached hereto and made a part hereof and marked Exhibit 'A' is a true and correct map of Eastland County, Texas. Precinct #12 is outlined thereon in red and the Cisco Independent School District is outlined thereon in green. This plaintiff would show that as shown by said Exhibit 'A' a portion of the Cisco Independent School District is contained in Precinct # 12, but that there are a number of voters in Precinct # 12, Eastland County, Texas, who do not reside in the Cisco Independent School District. As a matter of fact, there are some 45.350 square miles in Precinct # 12 which is not included in the Cisco Independent School District. Additionally, a portion of the Cisco Independent School District is outside the limits of Precinct # 12. In fact some 17.11125 square miles in Eastland County plus an undetermined amount in Callahan County is included in the school district but not the voting precinct, and said area contains many eligible voters. It was impossible, and it is impossible today, to tell from the records what the true results of the election should be or to tell whether or not all or any part of the votes cast were legally cast. This election should, therefore, be in fact declared void and of no effect."

"There was no certified list of the qualified property tax paying voters who had duly rendered their property furnished to the election judges. Plaintiff would show to the Court that the voters were not questioned by the election judge or made to sign an affidavit that they had duly rendered their property before said day of August 14, 1962. However, there are no dates on any of the rendition slips and it is impossible to tell at this time or at the time of said election whether or not anybody that voted in said election had duly rendered his property prior to the date the election was called, towit, August 14, 1962. The above irregularities constituted such a course of conduct as to utterly prevent the plaintiff or anyone else from determining the true results from said election or who, if anyone, was a qualified voter in said election, or if his ballot should have been counted. Therefore, because of the foregoing irregularities, plaintiff requests the Court to declare said election void."

The defendants allege in their special exceptions that the plaintiff failed to allege in his petition that the results of the election would have been changed had any irregular votes not been counted; that it was impossible to ascertain the true result of the election either from the returns or from any other evidence; the number of people who were prevented from voting or the number of people who were illegally permitted to vote and said petition failed to give their names and the reason they were not permitted to vote or the reason they were illegally permitted to vote. Defendants further pleaded "Defendant further excepts to the allegations in Paragraph III that it was or is impossible to determine with any degree of certainty the true result of the election, on the grounds that it

is a conclusion of the pleader only, and no facts are pleaded to support such allegation"; that the results of the election were occasioned by fraud or misconduct, "that it is incumbent upon the plaintiff here to systematically itemize the name and number of voters who were refused access to the polls by reason of this irregularity, or who were erroneously permitted to vote by reason of this irregularity."

 The defendants' special exceptions raised a question of law as to the sufficiency of the plaintiff's pleadings. The judgment indicates that all of the exceptions were sustained. The exceptions were directed to plaintiff's entire petition. We must assume in passing on the sufficiency of the exceptions that the allegations of fact are true, Vol. 8, Ten Yr. Supp.Tex.Jur., page 201 § 140. Rule 45 Texas Rules of Civil Procedure provides: "That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole."

Marks v. Jackson, Tex.Civ.App., 130 S. W.2d 925, involved a contest of an election which was held for the purpose of determining whether or not a school district should be authorized to issue bonds. The election had resulted in favor of the issuance of the bonds. The trial court upheld the validity of the election. In affirming the judgment the Court announced the following rule:

"In an election-contest, the burden is on the contestants to allege and prove either that a different result should have been reached by counting or not counting certain specified votes; or that the irregularities in the conduct of it were such as to render it impossible to determine the true will of the majority of the voters participating in the election; and irregularities in the conduct of the election, which cannot be demonstrated to have materially affected the result, are immaterial."

Substantially the same rule is announced in 29 C.J.S. Elections § 127, page 193:

"Where illegal votes can be segregated, only those votes should be thrown out, and the entire vote need not be impeached, but where it is impossible to separate improperly marked ballots from the others the votes of a whole district may be excluded."

The averments of the plaintiff's petition were sufficient to inform the defendants of the nature of his cause of action. It was not necessary for him to plead the evidence that he will rely upon to sustain such allegations. After we assume that the allegations of the plaintiff's petition are true, as we are required to do in passing on the defendants' special exceptions, and based on the above authorities, we have concluded that the court erred in sustaining such exceptions.

The judgment is reversed and remanded.