**CITY OF LA GRULLA et al., Appellants,**

v.

**Honorable M. J. RODRIGUEZ, County Judge et al., Appellees.**

**No. 14588.**

Court of Civil Appeals of Texas.

San Antonio.

May 10, 1967.

Rehearing Denied June 7, 1967.

Hill, King & McKeithan, Mission, for appellants.

F. R. Nye, Jr., Glenn H. Ramey, Rio Grande City, for appellees.

BARROW, Chief Justice.

A statutory election contest. Appellants, City of La Grulla, the Mayor and Commissioners, individually and in their official capacities, filed this proceeding against the County Judge and County Attorney of Starr County, to contest the official result of the election abolishing the City of La Grulla.

La Grulla was duly incorporated on March 30, 1965, as a general law city, pursuant to Arts. 1154 et seq., Vernon's Ann. Civ.St. On May 25, 1966, this Court held that a "Citizens Election" was void and declared that appellant Commissioners were the duly elected commissioners. See Castillo v. State ex rel. Saenz, Tex.Civ.App., 404 S.W.2d 97, no writ. On June 8, 1966, a pe-

tition requesting a dissolution election, signed by 120 residents who owned taxable property in said City, was filed with appellee County Judge, pursuant to Arts. 1241 et seq., Vernon's Ann.Civ.St. This petition was granted on the same date and the election ordered to be held on July 19, 1966. The Sheriff of Starr County was directed to publish said order and notice of election in the Rio Grande Herald, at least 30 days prior to the date fixed for said election and to post copies of the order and notice of election in three public places within the City at least 30 days prior to said date. The certificate of the publisher of the designated newspaper was introduced to show publication of the order and notice of election.

The County Judge, in his order calling the election, restricted the voters to: "All persons who reside in the City of La Grulla and who are legally qualified voters of the State of Texas, Starr County and said City of La Grulla and who own taxable property located within said City of La Grulla * * *." This was in substantial compliance with Art. 1243, Vernon's Ann.Civ.St., inasmuch as the City had never levied any tax and had no assessment roll at that time. This same restriction was set forth in the notice published in the newspaper. The official result of the election was that the City was abolished by a vote of 215 to 166.

This statutory election contest was duly filed and, after a hearing, judgment was entered that contestants take nothing by said suit and contest. An appeal has been perfected wherein appellant contestants assert four points.

Under their first two points, appellants urge that Art. 1243, supra, is unconstitutional, insofar as it requires that voters in city dissolution elections be resident property taxpayers, particularly as to Art. VI, §§ 2, 3 and 3a, of the Texas Constitution, Vernon's Ann.St. The qualifications of electors are prescribed by Art. VI, § 2, and property ownership is not enumerated. Sec. 3 provides that all qualified electors of the State, possessing the required residence, shall have the right to vote for elective offi-

cers of a city or town, but in all elections to determine expenditure of money or assumption of debt only those shall be qualified to vote who pay taxes on property in said city. Sec. 3a, added in 1932, applies to any county, or political subdivision of the State or county, or district, including towns, villages or municipal corporations, and provides that only qualified electors owning taxable property within said subdivision, etc., who have duly rendered same for taxation, shall be entitled to vote in an election for the purpose of issuing bonds or making expenditures.

In Bonham v. Fuchs, Tex.Civ.App., 228 S.W. 1112, writ ref'd, the Galveston Court held that this challenged requirement of Art. 1243 (1079) did not violate the State Constitution. It must be recognized that refusal of the writ by the Supreme Court in 1921 did not have the connotation of approving the principles of law declared by the Court of Civil Appeals' opinion, but of approving the result reached. National Linen Service Corp. v. Summers, Tex.Civ. App., 251 S.W.2d 795, 796, writ ref'd n. r. e.; 12 Texas Bar Journal 547, 574. Although this provision of Art. 1243, supra, was involved subsequently in two other election contest cases, the constitutionality of same was not challenged or discussed in either case. Polk v. Vance, 150 Tex. 586, 243 S. W.2d 829 (1951); Franklin v. Wilson, Tex. Civ.App., 242 S.W.2d 820, mandamus overruled.

It is our opinion that recent decisions of the Supreme Court have impliedly overruled Bonham v. Fuchs, supra, and limited the qualifications of electors to those set forth in Art. VI, Sec. 2 of the Constitution, unless the election involves expenditure of money, assumption of debt, issuing bonds or lending of credit.

In King v. Carlton Independent School Dist., 156 Tex. 365, 295 S.W.2d 408 (1956), it was held that a qualified elector, as defined by Art. VI, Sec. 2 is entitled to vote in any election other than one for which additional qualifications are prescribed by some other provision of the Constitution,

and that the Legislature could not limit voters to resident owners of taxable property which had been rendered on tax rolls where the election was not one to levy taxes, expend money or issue bonds.

In Sweeny Hospital Dist. v. Carr, 378 S. W.2d 40 (Tex.1964), the Supreme Court said that when the phrase "qualified property tax paying electors" is used in a statute to define a class of voters in elections for purposes other than those set out in Sec. 3a, Art. VI, the words "property tax paying" shall be disregarded as violative of Sec. 2, Art. VI, and the orders and notices of elections should omit the words "property tax paying." See also Richter v. Martin, Tex. Civ.App., 337 S.W.2d 134, rev'd, other grounds, 161 Tex. 323, 342 S.W.2d 1 (1960); Snelson v. Murray, Tex.Civ.App., 252 S.W. 2d 720, writ ref'd n. r. e.; Tex.Atty.Gen. Op. No. C–369 (1964).

All persons qualified under Art. VI, Sec. 2 of the Texas Constitution were eligible to vote at this dissolution election and the County Judge erred in restricting the electors to those who owned taxable property in said City. Contestees urge by counter-point that contestants failed to demonstrate harm by this error so as to void the election.

Contestants pleaded that more than a sufficient number of voters necessary to change the result were prevented from voting or attemping to do so by this erroneous requirement. However, neither of the two witnesses who testified at the trial gave any testimony relevant to this allegation. It was stipulated that the population of La Grulla, which did not vary much, was about 2000 in July, 1966, and was about the same in 1965. The order declaring results of the incorporation election held March 20, 1965, was introduced, and shows that incorporation carried by a vote of 250 to 239. From our prior opinion in Castillo v. State ex rel. Saenz, supra, it is seen that 94 votes were cast at the "Citizens Election" on April 6, 1965, and 259 votes were cast at the election on June 5, 1965. The record in that case demonstrates, however, that the April election was participated in primarily by members of the "old party" and the June election, by members of the "new party" in Starr County. There was no evidence of the number of qualified electors in July, 1966, no evidence as to how many, if any, did not own property in La Grulla, and no evidence that anyone was denied the right to vote at the dissolution election because he did not own taxable property in said City.

The burden of proof in an election contest rests upon the contestant. State ex rel. Lukovich v. Johnston, 150 Tex. 174, 238 S.W.2d 957 (1951); Solis v. Martinez, Tex. Civ.App., 264 S.W.2d 956, writ dism. The test for holding an election void is set forth in Art. 9.15, Election Code, Vernon's Ann. Civ.St., substantially as follows: If it appears on the trial of any contest that it is impossible to ascertain the true result of the election, or should it appear from the evidence that such a number of legal voters were, by the officers or managers of the election, denied the privilege of voting as, had they been allowed to vote, would have materially changed the result, the court shall adjudge such election void.

This test was applied by this Court in City of Roma v. Gonzalez, Tex.Civ.App., 397 S. W.2d 943, writ ref'd n. r. e. We there cited with approval Minthorn v. Hale, Tex.Civ. App., 372 S.W.2d 752, no writ, which is somewhat similar to the case at bar. In Minthorn, contestants urged that the election was void because the public notice limited voting to duly qualified resident electors who owned taxable property which had been duly rendered for taxes and this was improper in that no one had rendered his property for taxes. In rejecting this contest, the Court said: "It is not contended in the present case that those who voted were not actually property owning citizens within the bounds of the City of Daisetta, or otherwise not qualified." The Court held that contestants did not discharge their burden and prove the irregularity complained of affected or changed the result of the election. See also: Royalty v. Nichol-

son, Tex.Civ.App., 411 S.W.2d 565, no writ; Baker v. Scranton Independent School Dist., Tex.Civ.App., 287 S.W.2d 210, no writ; Stafford v. Stegle, Tex.Civ.App., 271 S.W. 2d 833, no writ.

In McCrary on Elections, 4th Ed., § 235, it is said:

> "It sometimes happens that the officers of election, though acting in good faith, commit errors which will vitiate the election. Thus, if they have adopted an erroneous rule in regard to the qualifications of voters, by which legal votes were excluded, or illegal votes admitted, *in numbers sufficient to change or to render doubtful the result*, the election is void, unless there is proof upon which the poll can be purged of illegal votes and the true result shown. And in such a case, if the erroneous rule affects a class of voters, and it has become generally known to the persons who are excluded by it, they may submit to it, without waiving any rights, although they do not present themselves at the polls and offer their ballots. They have the right to take notice of the decision of the board in other cases precisely like their own." (Emphasis added.)

Contestants rely upon this Court's opinion in Richter v. Martin, supra, wherein the election was voided because only qualified property owners were permitted to vote at an election and the election was unconstitutionally closed to other qualified voters. This opinion was reversed by the Supreme Court on other grounds. It is seen that no question was raised in *Richter* as to the sufficiency of the evidence. This is pointed out in the initial paragraph of the Court's opinion, wherein it is said: "The case was submitted to the court and tried on pleadings and agreements without objections, and the parties have joined issue upon this controlling constitutional matter."

■ We hold that appellants, as contestants, had the burden of introducing evidence to show that the election officials restricted the voting in this election to qualified property owners and that there were sufficient voters otherwise qualified under Art. VI, § 2, of the Texas Constitution, who were not property owners in said City to have affected the result of the election. Here there is no evidence that any qualified voter was excluded, nor is there evidence of the number of non-property owners in said City who were otherwise qualified to vote in this election. Contestants therefore failed to meet their burden of proof.

Under their third point, contestants urge that this special election was void because the order and notice imposed an illegal requirement that voters own taxable property within the City. We have heretofore held that contestants failed to meet their burden of proof insofar as the exclusion of any qualified voter is concerned. It is not asserted that the order or notice was not otherwise in substantial compliance with the statutory requirements. Cf. Countz v. Mitchell, Comm.App., Opinion Adopted, 120 Tex. 324, 38 S.W.2d 770 (1931); Christy v. Williams, Tex.Civ.App., 292 S.W.2d 348, dism'd w. o. j., 156 Tex. 555, 298 S.W.2d 565 (1957); Turner v. Lewie, Tex.Civ.App., 201 S.W.2d 86, writ dism'd. This point is without merit.

Appellants' final point urges that due process was denied by the County Judge in ordering this election (a) without a public hearing; (b) without prior notice to the governing body, and (c) at a time when seventy-five per cent of the voting population was absent from the county as migratory workers. The order calling the election is signed on the same date as presented and the County Attorney testified that "to his knowledge" there was no public hearing held. The statute does not provide for a hearing, and there is no question raised regarding the sufficiency of the petition presented to the County Judge or the facts contained therein. Cf. Ellis v. State, Tex.Civ. App., 383 S.W.2d 635, no writ. Nor does the statute require notice to the governing body of the City before action by the County Judge.

It is urged that the County Judge's action in promptly calling this election was arbitrary and capricious in that, as shown by the testimony of appellant Mayor, three-fourths of the population of La Grulla are migrant workers who start leaving La Grulla in January or February of each year and do not return until about November. By way of comparison, appellants point out that it took nearly two years to get the County Judge to call the incorporation election appellants had duly requested in the first instance. Provision was made for absentee voting and although the case was tried on November 14, 1966, there was no testimony that any voter was deprived of the opportunity to vote. There were no charges of fraud, misconduct or illegality in the conduct of this election. Other than the obvious hostility between the rival political parties, as shown by the two records before us involving the City of La Grulla, there is nothing to demonstrate any abuse of discretion in promptly calling the dissolution election. We cannot say from this record that due process has been denied contestants.

The judgment is affirmed.