**J. B. JORDAN, Appellant,**

v.

**W. W. "Bill" WESTBROOK, Appellee.**

**No. 14790.**

Court of Civil Appeals of Texas.

San Antonio.

July 2, 1969.

Lewis E. Berry, Jr., Michael Burns, Austin, Jerry A. Gibson, San Antonio, for appellant.

Franklin & Franklin, Arnold W. Franklin, Jourdanton, for appellee.

KLINGEMAN, Justice.

This is an election contest. Appellant, J. B. Jordan, contests the election of appellee, W. W. "Bill" Westbrook, as County Commissioner of Precinct No. 2, Atascosa County, Texas, on the grounds that a number of lawful votes sufficient to change the result of the election in favor of contestant were not counted by the election officials and should have been counted for him. The district court sitting without a jury entered judgment denying the contest filed by appellant and decreeing contestee to be the winner of such election.

The trial court made findings of fact which may be summarized as follows: In the general election in Atascosa County, Texas, on November 5, 1968, Westbrook was the Democratic nominee and his name appeared on the official ballot in the Democratic column. There were five independent candidates and, according to the official election returns, Westbrook received 450 votes, Jordan 429, Russell 87, Young 120, Rogers 72, Martin 245. On the face of these returns the canvassing board declared Westbrook to be elected to the office of County Commissioner of Precinct No. 2 of Atascosa County, Texas. Several witnesses were placed on the witness stand who served as reading clerks in Precinct 16, a voting box within Commissioners Precinct No. 2, and each testified that he or she read out a number of ballots; that there were "a number of ballots"[1] where the voter placed an "X" at the head of one of the political party columns and also placed an "X" opposite the name of J. B. Jordan; that "these ballots"[1] were not counted for either candidate, in keeping with the instructions from the judge of the election precinct. These witnesses further testified that there were a sufficient number of these ballots so marked, that if they had been counted for Jordan it would have changed the result of the election. The Court did not go into the ballot boxes and check the ballots because the Court was of the opinion that these ballots were properly not counted for either candidate.

The court filed the following conclusions of law:

"I conclude that when a voter places an 'X' at the head of a party column he, under the law, evidences an intention to vote for each candidate whose name appears in that column, and when such voter places an 'X' opposite the name for an independent candidate in another column he had evidenced an intention to also vote for that independent candidate, and thus he has evidenced an intention to vote for two candidates for the same office, and his vote cannot be counted for either.

---

1. There is no finding as to the number of these ballots.

"W. W. 'Bill' Westbrook was properly declared elected County Commissioner of Precinct No. 2, Atascosa County, and I decide this contest in his favor."

Appellant asserts one point of error: "The District Court erred in holding that when a voter places an 'X' at the head of a party column and also places an 'X' opposite the name of an independent candidate in another column he has indicated an intent to vote for both the candidate individually marked and the candidate for the same office in the marked party column, and therefore his vote cannot be counted for either; because the voter's intent is clearly to vote for the candidate individually marked and under the applicable law in such case the voter's intent should control in the counting of the ballot."

The pertinent articles of the Election Code herein involved are Vernon's Ann. Civ.St. art. 6.06, which sets forth the method of marking ballots, and art. 8.21, which provides for the voiding of a vote where "two (2) or more persons are upon a ballot for the same office."

This case is before us without any statement of facts; none of the ballot boxes involved were brought up to this Court, and the record contains no exhibits or stipulations.

■ It is the policy of the law to uphold declared results of an election in all cases except where there is clear and convincing evidence of an erroneous result. Johnston v. Peters, 260 S.W. 911 (Tex.Civ.App.—San Antonio 1924, writ dism'd). As a general rule, election judges are presumed to have done their duty, and this Court has repeatedly held that in an election contest, the contestant has the heavy burden of overcoming the presumption that the election officials discharged their duty properly in receiving or rejecting a ballot. Guerra v. Pena, 406 S.W.2d 769 (Tex.Civ.App.—San Antonio 1966, no writ); Guerra v. Ramirez, 364 S.W.2d 720 (Tex.Civ.App.—San Antonio 1963, writ dism'd); Guerra v. Ramirez, 351 S.W.2d 272 (Tex.Civ.App.

—San Antonio 1961, writ dism'd); Solis v. Martinez, 264 S.W.2d 956 (Tex.Civ.App.—San Antonio 1954, writ dism'd).

■ In an election contest, the burden is on the contestant to allege and prove either that a different result would have been reached by counting or not counting specified votes, or that irregularities in the conduct of an election were such as to render it impossible to determine the will of the majority of the voters participating. City of La Grulla v. Rodriguez, 415 S.W.2d 701 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Brandon v. Quisenberry, 361 S.W.2d 616 (Tex.Civ.App.—Amarillo 1962, no writ); Roberts v. Hall, 167 S.W. 2d 621 (Tex.Civ.App.—Amarillo 1943, no writ); Pippin v. Holland, 146 S.W.2d 266 (Tex.Civ.App.—Fort Worth 1940, no writ); Moore v. Pittman, 280 S.W. 873 (Tex.Civ. App.—El Paso 1926, no writ); 21 Tex.Jur. 2d, Elections, 179. The general rule universally followed is that when election officials have rejected the ballot of a voter such voter is presumed to be an illegal voter and the burden of proof is on the party wishing to have the ballot counted to show by clear and satisfactory proof that such voter was a legally qualified voter in every respect. Guerra v. Ramirez, Tex. Civ.App., 351 S.W.2d 272.

■ Under the record before us the judgment of the trial court must be affirmed. The burden of proof was on the contestant to show that the ballots rejected by the election officials were lawful votes, that such votes should have been counted for contestant, and that contestant would have been the winner if such votes had been counted. Here there is no finding by the trial court as to how many, if any, ballots were rejected. In the absence of a statement of facts, we cannot determine how many votes, if any, were not counted for contestant which should have been counted for him, and the record before us does not establish that the contestant received more lawful votes than contestee.

619

The judgment of the trial court is affirmed.

CADENA, Justice (concurring).

I would affirm solely on the ground that, with respect to the ballots in question, there is no basis, other than judicial guesswork, for ascertaining the intention of the voters. Since the voters involved failed to indicate a preference for any one of the several candidates, their votes were properly disregarded.