Jack WARE, Appellant,

v.

CRYSTAL CITY INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 15147.

Court of Civil Appeals of Texas, San Antonio.

Dec. 13, 1972.

Rehearing Denied Jan. 17, 1973.

Robert Brown, Ware & Brown, Uvalde, for appellant.

Pat Maloney, San Antonio, for appellee.

PER CURIAM.

This is an appeal from an order dismissing appellant's contest of a school bond election. On June 8, 1972, the trial court sustained appellee's special exceptions and granted appellant until June 29, 1972, to amend his pleadings. Upon appellant's failure and refusal to comply with the trial court's order, the cause was dismissed on August 23, 1972.

Appellant, a resident property owner within appellee's district, alleged in his original petition that the election failed to carry because "voters voted in said election who were not and have never been property owners in said District and had no property rendered on the tax rolls of the District at the time they voted in said election," and further, that "aliens were allowed to vote in said election, contrary to the Constitution and laws of the State of Texas." Appellee specially excepted to these general allegations, and the trial court ordered appellant to state with particularity the names and addresses of said alleged non-property owners and aliens, as well as the precinct in which each voted. Although appellant did file an amended petition, he wholly failed to comply with said order in that the only change made was in the prayer wherein he added, without supporting allegations, "that the irregularities in the conduct of said election were such as to render it impossible to determine the true will of the majority of the voters participating in the election . . . ."

It is settled law that the trial court has the authority to dismiss a suit upon a party's refusal to amend after special exceptions are sustained. See Pontarelli Trust v. City of McAllen, 465 S.W.2d 804 (Tex.Civ.App.—Corpus Christi 1971, no writ); Farias v. Besteiro, 453 S.W.2d 314 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); City of Roma v. Starr County, 428 S.W.2d 851 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.); Cruz v. Ansul Chemical Company, 399 S.W.2d 944 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). Therefore, the question before us on this appeal is whether the trial court abused its discretion in requiring appellant to identify the alleged unqualified voters.

Rule 45, Texas Rules of Civil Procedure, provides in part: "Pleadings . . . shall . . . [c]onsist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole." Rule 47, T.R.C.P., provides in part: "A pleading . . . shall contain (a) a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ." Thus, "fair notice" is the test for sufficiency of evidentiary pleadings. Gunnells Sand Company v. Wilhite, 389 S.W.2d 596 (Tex.Civ.App.—Waco 1965, writ ref'd n. r. e.); King v. Harris County Flood Control District, 210 S.W.2d 438 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.); 45 Tex.Jur.2d, Pleading, § 5.

The burden is on the contestant in an election contest to allege and prove either that a different result would have been reached by counting or not counting certain specified votes, or that irregularities in the conduct of an election were

such as to render it impossible to determine the will of the majority of the voters participating. Texas Election Code, Sections 9.14 and 9.15, Tex.Rev.Civ.Stat.Ann.; Jordan v. Westbrook, 443 S.W.2d 616 (Tex.Civ.App.—San Antonio 1969, no writ); City of La Grulla v. Rodriguez, 415 S.W.2d 701 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Roberts v. Hall, 167 S.W.2d 621 (Tex.Civ.App.—Amarillo 1943, no writ).

■ Here appellant seeks to challenge certain specific ballots because they were allegedly cast by nonproperty owners or aliens. This is not a contest wherein the irregularities in the conduct of the election were such to render it impossible to determine the true will of the majority of the voters participating in the election. Cf. Plambeck v. Cisco Independent School District, 363 S.W.2d 878 (Tex.Civ.App.—Eastland 1963, no writ). Here the ballots of each of the voters found to be unqualified can be thrown out. Yet, appellant refused to comply with the trial court's order to name the voters appellant asserts, and must prove at the trial, were unqualified by law

to vote. Thus, the trial court is unable to determine from said petition if sufficient votes are challenged to change the result,[1] and appellee's attorney would not have sufficient information to enable him to prepare for trial. One of the purposes of pleading is to advise the court and the opposite party of the facts relied upon to sustain the suit. Gunnells Sand Company v. Wilhite, supra; National Life Assurance Company of Texas v. Neves, 370 S.W.2d 144 (Tex.Civ.App.—Eastland 1963, writ ref'd n. r. e.).

The trial court did not abuse its discretion in sustaining appellee's special exceptions and requiring appellant to state the names, addresses, and precincts of the voters that appellant asserts were illegal. Roberts v. Hall, supra; Garess v. Tobin, 261 S.W. 430 (Tex.Civ.App.—San Antonio 1924, writ dism'd); Oxley v. Allen, 49 Tex.Civ.App. 90, 107 S.W. 945 (1908, no writ). Upon appellant's refusal to comply with said order, the trial court properly dismissed said petition.

The judgment is affirmed.

---

1. See Fugate v. Johnston, 251 S.W.2d 792 (Tex.Civ.App.—San Antonio 1952, no writ).