Rick REYES, Appellant,

v.

Bebe ZUNIGA, Appellee.

No. 04–90–00312–CV.

Court of Appeals of Texas, San Antonio.

July 11, 1990.

Carlos H. Barrera, Austin, for appellant.

J.C. Trevino, III, Laredo, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

PER CURIAM.

This is an accelerated appeal, brought pursuant to TEX.ELEC.CODE ANN. §§ 232.014 and 232.015 (Vernon 1986), from the contest of a municipal election. This action arises out of the election for Mayor of the City of Laredo, conducted on May 5, 1990, which failed to produce an outright winner from a field of six candidates.

The unofficial returns of the election showed that the candidates received the following numbers of votes:

| Candidate | Votes |
| --- | --- |
| Saul N. Ramirez, Jr. | 4,477 |
| Bebe Zuniga | 2,696 |
| Rick Reyes | 2,686 |
| Jose A. Valdez | 2,139 |
| Lucas Galvan | 602 |
| R.R. Donovan | 133 |

After these results, Rick Reyes requested a recount, which was conducted on May 9, 1990, and resulted in the following distribution of votes:

| Candidate | Votes |
| --- | --- |
| Saul N. Ramirez, Jr. | 4,374 |
| Rick Reyes | 2,661 |
| Bebe Zuniga | 2,660 |
| Jose A. Valdez | 2,244 |
| Lucas Galvan | 645 |
| R.R. Donovan | 180 |

These results were canvassed by the City Council of the City of Laredo, based on the final report of the recount committee [required by TEX.ELEC.CODE ANN. § 213.012 (Vernon 1986)], and accepted on May 10, 1990, and Saul N. Ramirez, Jr. and Rick Reyes were declared the runoff candidates.

On May 15, 1990, an alleged error was discovered in which vote figures were transposed on the tally sheets utilized in Precincts 4B, 7, and 12A; Hortencia Garcia, Laredo City Secretary and election supervisor, acknowledged the error.[1] After the tallies were corrected, the following distribution of votes was made:

| Candidate | Votes |
| --- | --- |
| Saul N. Ramirez, Jr. | 4,486 |
| Bebe Zuniga | 2,699 |
| Rick Reyes | 2,690 |
| Jose A. Valdez | 2,152 |
| Lucas Galvan | 606 |
| R.R. Donovan | 132 |

After these results were released, Bebe Zuniga timely brought an election contest, under TEX.ELEC.CODE ANN. § 221.002 (Vernon 1986), requesting that the court correct the mistake in the recount and declare, as between herself and Rick Reyes, that she would be the runoff candidate against Saul Ramirez.[2] Rick Reyes filed his original answer and a cross-contest against Zuniga. The trial court conducted a hearing on May 23, 1990, and then signed a judgment on May 29, 1990. In part, the trial court found that:

[A] person officially involved in the administration of the election for the position of Mayor for the City of Laredo, has made a mistake. That the total votes canvassed and certified by the City Council for the City of Laredo were in error. The Court finds that an Election Official had transposed results of the recount in Precincts 4B and 7 and that a single vote for BEBE ZUNIGA had not been properly counted in Precinct 12A, and that such results when properly posted resulted in BEBE ZUNIGA receiving a total of 2699 votes and RICK REYES receiving a total of 2690 votes in the May 5, 1990 Mayoral Race. The Court finds that such transposed results and additional vote were a

1. The City Secretary and election supervisor admitted there was a mistake made in posting the vote totals in Precincts 4B and 7. According to her original election contest petition, Zuniga contends thirty-nine (39) votes which should have been credited to her in Precinct 4B were erroneously given to candidate Lucas Galvan, and that she herself received eleven (11) votes that should have been credited to another candidate.

2. In her original election contest petition, Zuniga named both Reyes and the City of Laredo as parties defendant. The City responded by asserting that it was not a proper party to the contest, since it was not a "contestee", as defined in the Election Code. At the start of the proceedings before the trial, both Zuniga and Reyes agreed that the City was not a proper party, and the City was dismissed from the suit.

mistake and that BEBE ZUNIGA is entitled to participate in the run-off election for the position of Mayor of the City of Laredo. The Court further finds that this Judgment necessitates a run-off election in a contested race.

The trial court then ordered that Zuniga be declared the duly qualified candidate to face Saul N. Ramirez, Jr., in the runoff election for Mayor of the City of Laredo, and that her name be placed on the official ballot to be used for the runoff election. The trial court decreed that Reyes should take nothing by his cross-contest of the election.

The judgment did not mention that 153 ballots, which were variously described as "defaced" or "disputed" ballots at the election contest hearing, were locked in a ballot box, nor was there any reference to how many of those ballots, if any, were actually examined by the presiding election officer to ascertain voter intent in the contested race. The judgment also provided that the runoff election would be conducted June 16, 1990, and absentee voting by personal appearance was set to commence on June 6, 1990.

Appellant Reyes brings six points of error in this accelerated appeal, which are set forth as follows:

(1) the trial court erred in issuing a judgment in this matter for want of jurisdiction, in that Appellee Bebe Zuniga failed to give timely notice to Saul Ramirez and to make him, a statutorily necessary party, a party to this action;

(2) the trial court erred in failing to abate the proceedings to allow the joining of an absent necessary party (or parties) and thereby invoke the court's jurisdiction;

(3) appellee Bebe Zuniga failed to meet her burden of proof that the evidence was vague, speculative, and otherwise insufficient for the trial court to discern the genuine outcome of the election;

(4) the trial court abused its discretion in declaring an outcome of the election with

insufficient evidence on which to base a judgment;

(5) the trial court erred in allowing, over appellant's objection, hearsay testimony and for disallowing appellant to take the witness on voir dire to establish that her testimony was hearsay; and

(6) the trial court abused its discretion in refusing to open the ballot boxes to examine whether or not certain defaced ballots could and/or should be counted.

The record before this court consists of a statement of facts containing the testimony of Hortencia Garcia, as well as exhibits germane to the discrepancy in vote tallies in the aforementioned precincts and resolutions from the City relevant to the canvass of votes.

■ In examining the first point of error, we note that section 232.003 of the Texas Election Code provides in part that:

(a) If a contested election is for nomination or election to an office for which only one person is to be nominated or elected, the contestee is:

... (2) if the final official canvass shows that a runoff election is necessary to decide the nomination or election:

... (A) each of the opposing candidates shown by the canvass to be entitled to *or* tied for a place on the runoff ballot if the contestant is not so entitled or tied. . . .

TEX.ELEC.CODE ANN. § 232.003(a)(2)(A) (Vernon 1986) (emphasis supplied). Under the plain language of this section, Saul N. Ramirez, Jr., who received almost two thousand more votes in the election than the next-ranking candidate, should have been joined as a contestee, since under the final official canvass he is entitled to a place on the runoff ballot. The corollary of this is that the three candidates with the least number of votes (Valdez, Galvan and Donovan) were not necessary parties for adjudication of the election contest, because "under no supposable facts could a recount of votes result in their election." *See Beeler v. Loock*, 135 S.W.2d 644, 647 (Tex.Civ.App.—Galveston 1939, writ dism'd).[3] Therefore, we reverse and re-

---

**3.** It is obvious that if every one of the 153 "defaced" or "disputed" ballots were, on re-

count, to be credited to any one of the three lowest-ranking candidates (Valdez, Galvan and

mand these proceedings, so that joinder of Ramirez can be accomplished forthwith and the recount of contested votes completed.

 With regard to the sixth point of error, we observe that in the course of the hearing below, Reyes' attorney brought to the trial court's attention the provision of section 221.008 of the Election Code, which provides that:

A tribunal hearing an election contest may cause secured ballot boxes, voting machines, voting devices, or other equipment used in the election to be unsecured to determine the correct vote count or any other fact that the tribunal considers pertinent to a fair and just disposition of the contest.

TEX.ELEC.CODE ANN. § 221.008 (Vernon 1986). The testimony of Ms. Garcia, the sole witness at the hearing, was not entirely clear regarding the problems encountered in determining voter intent on the 153 ballots, on which white adhesive labels were placed to cover ballot markings which interfered with obtaining an accurate vote count. One exchange between Ms. Garcia and Reyes' counsel is particularly troubling, in light of the small number of votes separating Reyes and Zuniga:

Q: Well, in your testimony just now you said that these [adhesive labels] were easily removable. As it turns out they weren't easily removable and in fact *the chairman at the recount gave up trying to remove those labels,* isn't that true?

A: He did.

. . . . .

Q: Whatever the case, *he gave up trying to remove those labels really early on* so that almost all—

A: Yes.

(S.F. 51–52) (emphasis supplied). The better practice would have been to subpoena the locked ballot box and/or the recount chairman to the hearing in order to facilitate the procedure, but we find that by his pleadings and his argument before the court, Reyes properly placed the 153 problematical ballots in issue. Under section 221.008, the trial court should have examined them or appointed a recount committee to tabulate the 153 questionable ballots. We are not persuaded by appellee's argument that it was necessary for Reyes to show there was fraud in the election process in order to justify inspection of the contents of the locked ballot box and the counting of the 153 ballots allegedly contained therein. The scope of inquiry permitted in a hearing on an election contest mandates that the tribunal "shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because", *inter alia:*

an election officer or other person officially involved in the administration of the election:

. . . . .

(C) engaged in other fraud or illegal conduct *or made a mistake.*

TEX.ELEC.CODE ANN. § 221.003(a)(2)(C) (Vernon 1986) (emphasis supplied). Therefore, demonstration of mistake is sufficient, and a showing of fraud is not required. In fact, the judgment explicitly noted that a mistake had been made. Moreover, Ms. Garcia, as a "person officially involved in the administration of the election" admitted that mistakes were made in the tallying of votes in three of thirty-five voter precincts, and she also admitted that, as to the 153 problematical ballots in the locked ballot box, the procedure for duplicating automatically-counted ballots under section 127.126 of the Election Code, was not followed in this election.

Donovan), none of the three would have even a remote chance of qualifying for the runoff election. In fact, none of the three lowest-ranking mayoral candidates has contested the outcome of the election.

At the opposite extreme, it is obvious that if either Reyes or Zuniga received all of the 153 "defaced" ballot votes, it would do nothing to disqualify Ramirez, the leading vote-getter, who, by virtue of his commanding vote margin, is assured a position on the runoff ballot. It is readily apparent, however, that because of the close vote between Reyes and Zuniga, and the small number of votes which have separated them in the unofficial vote, the recount vote, and the vote canvass, that the outcome of the count of the 153 disputed ballots is potentially significant.

We find appellant's sixth point of error is meritorious. Because we have found that this cause must be remanded to the trial court on the basis of the first and sixth points of error, it is not necessary that we discuss the grounds asserted in appellant's remaining four points of error.

We reverse and remand this case to the trial court, with instructions that the election contestant forthwith join Saul N. Ramirez, Jr., as an election contestee, pursuant to section 232.003 of the Election Code, and that the trial court shall as soon thereafter as practicable, but in no event later than July 19, 1990, conduct in open court a recount (or appoint a recount committee under his direction to so conduct a recount), in the presence of Ramirez, Reyes and Zuniga (or their respective representatives) of all votes cast in the mayoral election for the City of Laredo on May 5, 1990, to include those 153 ballots contained in the locked ballot box. In the event all or any number of the aforesaid 153 ballots cannot be counted, the trial court shall by written determination justify the failure to count same. After a final recount is completed, the trial court shall certify the result and designate, in addition to Saul N. Ramirez, Jr., that person, as between Rick Reyes and Bebe Zuniga, who shall be entitled to a runoff position on the ballot in the race for Mayor of the City of Laredo.

Because of the time constraints and of the need for the setting of the runoff election date as soon as possible, no motion for rehearing will be entertained. TEX.ELEC. CODE ANN. § 232.014(e) (Vernon 1986).

The cause is reversed and remanded to the trial court.