Rick REYES, Appellant,

v.

The CITY OF LAREDO, Bebe Zuniga, and Saul N. Ramirez, Jr., Appellees.

No. 04-90-00411-CV.

Court of Appeals of Texas, San Antonio.

Aug. 28, 1990.

Carlos H. Barrera, Law Offices of Carlos H. Barrera, Austin, for appellant.

Anthony C. McGettrick, City Atty., J.C. Trevino, III, Mann, Trevino, Hall & Gallego, Laredo, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal involving an election contest to determine the second of two runoff positions in the race for Mayor of the City of Laredo.[1] The case has previously been before this court, and we reversed the judgment and remanded the cause for a recount of all votes cast in the mayoral election, including 153 ballots in a secured ballot box. The trial court was instructed to discern, where possible, the intent of the voter on each of the 153 contested ballots or state why he was unable to do so. *See Reyes v. Zuniga,* 794 S.W.2d 842 (Tex.App.—San Antonio 1990 n.w.h.). On remand, the trial court was able to determine the voter intent for 152 of the ballots and duly credited each candidate with the numbers of respective votes to which he or she was entitled. On the remaining ballot, the trial court held that voter intent could not be determined because on that ballot votes were cast for two candidates, rather than one. The result of the recount in open court was that Bebe Zuniga received 2,700 votes and Rick Reyes received 2,684 votes, and Zuniga's

name was ordered to be placed on the runoff ballot, with the runoff election set for August 11, 1990, and absentee balloting commencing on August 1, 1990.

Rick Reyes appeals this judgment in two points of error in which he urges that: (1) the trial court erred and abused its discretion in counting certain illegal mail-in ballots which were voted by a means of obvious fraud; and (2) the trial court erred in counting ballots on which adhesive dots had been placed, said ballots having been made duplicates, as a matter of law, and thereby rendered uncountable in a recount, also as a matter of law. The City of Laredo has requested, without opposition, that this appeal be accelerated, and we have previously granted that motion.[2]

In his first point of error, appellant contends that over eighty (80) of the ballots counted by hand at the judicial recount were from among mail-in ballots, and that these ballots had "obvious erasures of votes for mayoral candidates with votes having been substituted, on all but four of these subject ballots, by votes for Bebe Zuniga." On this point, appellant concedes there was "no testimony that fraud by means of interception, erasure, and re-voting of ballots occured [sic]". Appellant asks this court to declare the "fraudulently changed ballots" void, subtract corresponding votes from the appropriate candidates, and place appellant in the runoff election with Saul N. Ramirez, Jr.

Appellant urges that section 221.011(a) of the Election Code is controlling in these circumstances. That section provides:

1. We previously noted that Saul N. Ramirez, Jr., whom we ordered to be joined in this proceeding as an election contestee, had won outright one of the two runoff positions by virtue of his receiving almost two thousand more votes in the election on May 5, 1990, than the next-closest of the six candidates for the office. We also observed that a recount of the 153 contested ballots could not possibly help any of the three lowest-ranking candidates. Because of the mathematical realities, only Rick Reyes and Bebe Zuniga were in a position following the canvass of the votes in the election to seriously challenge for the second of the two runoff positions.

2. In our opinion in Appeal No. 04–90–00312–CV, *Rick Reyes v. Bebe Zuniga,* which was filed on

July 11, 1990, we observed that Reyes and Zuniga agreed at the original hearing on the election contest filed by Zuniga that the City of Laredo was not a "contestee" within the meaning of the Election Code and that the City should, therefore, be dismissed from the lawsuit. Nevertheless, in the instant appeal, Reyes has named the City as a party to this proceeding, apparently to the extent that current Mayor Aldo Tatangelo is the final canvassing authority for the municipal elections, and the City in that capacity has sought (without objection) and obtained accelerated review of the trial court's actions in the recount ordered pursuant to instructions by this court.

If the tribunal hearing an election contest can ascertain the candidate ... for which an illegal vote was cast, the tribunal shall subtract the vote from the official total for the candidate ..., as applicable.

TEX.ELEC.CODE ANN. § 221.011(a) (Vernon 1986). Appellant's primary argument seems to be that, of a certain lot of approximately eighty (80) ballots on which erasures had been made, all but four were cast for Bebe Zuniga, and that these "extremely lopsided numbers" must "clearly rank [sic] of fraud." Appellee responds in her brief that the eighty (80) or so ballots referred to were not the entire lot of mail-in ballots which contained erasures, but instead were only those ballots cast in favor of mayoral candidates other than appellant, to which ballots Reyes had objected. Appellee also urges that neither she nor Ramirez objected to the counting of ballots which were cast in favor of candidates other than themselves. Appellant correctly notes that this court is precluded under TEX.R.APP.P. 50 from considering certain affidavits which appellee has attached to her brief on appeal, which, if credited, would support appellee's position that the eighty (80) or so mail-in ballots were only part of a larger number of mail-in ballots containing erasures or other markings.

Appellant cites *State ex rel. Lukovich v. Johnston,* 235 S.W.2d 932 (Tex.Civ.App.—Galveston 1951), for the proposition that where in an election contest illegal votes can be segregated from legal votes cast, only the illegal votes should be thrown out, and the entire vote need not be impeached. He also observes that the Supreme Court of Texas, in quo warranto proceedings on behalf of Lukovich, found that a claimant to public office "must rely on the strength of his title to the office rather than on the weakness of [his opponent's] claim to it." *State ex rel. Lukovich v. Johnston,* 150 Tex. 174, 238 S.W.2d 957, 958 (1951). He contends, therefore, that in the absence of a clear and convincing record, it is incumbent on this court to review each of the eighty (80) or so mail-in ballots to determine if there is any basis for not counting any or all of them, based on his contention that intrinsic fraud occurred.

■ There is nothing in the record before us which impugns the integrity of the proceedings in the City of Laredo mayoral election. The declared results of an election will be upheld in all cases except where there is clear and convincing evidence of an erroneous result. As a general rule, election judges are presumed to have done their duty, and this court has repeatedly held that in an election contest, the contestant has the heavy burden of overcoming the presumption that the election officials discharged their duty properly in receiving or rejecting a ballot. *See Jordan v. Westbrook,* 443 S.W.2d 616, 618 (Tex.Civ.App.—San Antonio 1969, no writ). At every stage of this election, from the original count to the recount, to the court-ordered recount following remand, poll watchers and/or representatives of the parties have been present to prevent precisely the sort of occurrence which appellant now speculates must have occurred.

■ With this in mind, appellant has conceded there was no evidence of extrinsic fraud in the record on appeal. In order to determine whether there was evidence of intrinsic fraud, this court unsealed the ballot boxes which have been brought by appellant's motion as a supplementation of the appellate record. As to the group of ballots which appellant claims demonstrate "obvious fraud", this court has manually counted the ballots which in fact number eighty-nine (89), and has visually examined each for signs of obvious tampering. Of those ballots eighty-one (81) were cast for appellee; one (1) for appellant; one (1) for Ramirez; and six (6) for other candidates in the mayoral race. While a number of the ballots actually contain visible erasures, each of the ballots also demonstrates a definite candidate preference which is ascertainable. We are unable to conclude that fraud has been perpetrated in the absence of more compelling proof.

From our inspection of the subject ballots, we are unable to determine when the erasure marks were made. It is highly improbable that the erasures and vote

changes would have occurred at any time when the votes were counted, because each candidate had poll-watchers or other representatives in attendance at the vote count, and there is no evidence of erasures and/or vote changing at the count. If an erasure and/or vote changing did not occur at the time of the vote count, it most likely occurred at the time the absentee voter filled out the ballot while voting. The mere fact that Zuniga received the greatest number of votes out of this section of mail-in ballots does not in and of itself demonstrate fraud, and we find no basis to disallow these votes where the trial court was able to ascertain voter intent from each such ballot, in spite of erasures and other markings on the ballots. We overrule appellant's first point of error.

As to his second point of error, appellant contends there was error in counting ballots on which adhesive dots and markings had been placed. The final tally of these ballots, following the remand to the trial court for recount, resulted in 28 votes being awarded to appellant, 27 votes being awarded to appellee, and the balance distributed among the other four candidates in the mayoral election. In the instant appeal, for the first time, appellant now contends there are "tens, if not hundreds" of such ballots which he finds objectionable, without specifically designating any such ballots. There is not a single reference in appellant's brief to any point in the record before this court which would support such a position, as required by TEX.R.APP.P. 74(d). Moreover, in view of our overruling appellant's first point of error, whether the 153 ballots are counted or not, there is no total change in votes sufficient to defeat Zuniga's entitlement to the second of the two runoff slots. Appellant's second point of error is overruled.

Pursuant to section 232.013, TEX.ELEC. CODE ANN., we order that the runoff election for the Office of Mayor of the City of Laredo is set for Saturday, September 29, 1990, and the contestants are Saul N. Ramirez, Jr. and Bebe Zuniga. Further, we direct that absentee voting for said runoff election shall commence not later than Wednesday, September 12, 1990.

In view of the time constraints involved in conducting the runoff election, no motion for rehearing will be considered unless it is filed at or before 4:00 p.m., September 4, 1990.

The judgment of the trial court is affirmed.