## SCHWANDNER v. DAVIS.

No. 9297.

Court of Civil Appeals of Texas. San Antonio.

March 21, 1934.

Morriss & Morriss, of San Antonio, and Frank Lane, of Bracketville, for appellant.

Walter F. Jones and Robt. M. Lyles, both of Del Rio, for appellee.

FLY, Chief Justice.

Appellant contested the election of appellee to the office of county commissioner of precinct No. 2 of Kinney county. The cause was heard by the district judge, who sustained the ruling of the officers of the election, that appellee had been elected to the office of commissioner. The officers of the election certified that appellee had received thirty-five votes and appellant twenty-eight votes, thus giving appellee a majority of seven votes over appellant. After hearing the evidence, the trial judge found that appellee was elected to the office by a majority of one vote, he having received thirty votes and appellant twenty-nine. Several of the votes counted by the election officers for appellee were cast out by the court.

The election, before the district judge, turned on the legality of the ballot cast by Rafaela Hernandez, who was shown to have been a native of Mexico, who had removed to Texas and married in 1926. Appellant introduced the testimony as to the alienage of Rafaela Hernandez and went no further, not seeking to show that she had never been naturalized. Appellee introduced no evidence as to Rafaela Hernandez, but claimed that the presumption was that she had been naturalized and that the burden was on appellant to establish the contrary. Appellant offered no testimony on the trial to show that Rafaela Hernandez was not a naturalized citizen of the United States, and therefore unauthorized to vote.

The main question, as heretofore stated, is the correctness of the decision of the district judge as to the status of Rafaela Hernandez as a citizen of the United States. This court has heretofore passed on the identical question presented in this case and it was held that when it was established that a person was alien born, the presumption would prevail that the state of alienage continued, but it was also held that that presumption would be overcome by the presumption arising from the action in permitting the former alien to vote, that such alien had been naturalized and had become an American citizen. Kartes v.

Fritter (Tex. Civ. App.) 63 S.W.(2d) 389. No reasons have been given, nor arguments advanced, that have shaken the belief by this court that such opinion is the law in this case and we adhere to it.

There was sufficient evidence to sustain the finding of the trial judge that Tomas Falcon, at the time he cast his ballot for appellee, was a resident and legal voter of precinct No. 2 of Kinney county, and the proposition assailing the ruling of the trial judge as to Tomas Falcon is overruled.

■ The court did not err in refusing to allow appellant to reopen the case after it had been decided. The affidavits attached to the motion to reopen did not prove nor tend to prove that Rafaela Hernandez was not a naturalized citizen. Rafaela Hernandez was one of the affiants and she was not asked—or at least did not swear—that she had not been naturalized, but her testimony, as that of the other affiant, was to the effect that her parents were not naturalized citizens of the United States.

We overrule the proposition presenting this question and affirm the judgment.