**SOLIS v. MARTINEZ.**
No. 12643.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 20, 1954.

Rehearing Denied Feb. 17, 1954.

Gerald Weatherly, Falfurrias, H. P. Guerra, Jr., Rio Grande City, for appellant.

Bismark Pope, and Pope & Pope, Laredo, for appellee.

POPE, Justice.

This is an election contest. Out of 463 votes cast in a trustee election for Zapata County Independent School District, appellant, Joaquin Solis, lost by nineteen votes to Proceso Martinez. Solis contested the election by an attack upon the residence qualifications of forty-eight voters. At the conclusion of contestant's evidence, the court rendered judgment against the contestant, and then made and filed findings of fact and conclusions of law in support of the judgment. The findings are amply supported by proof developed by contestee on cross-examination of contestant's witnesses.

Contestant, in seeking to prove non-residence within the voting district, called witnesses who testified that certain named voters did not reside in the district, and also that persons with the same or similar names to those found on the poll list resided outside the district. The burden of proof in an election contest rests upon the contestant. State ex rel. Lukovich v. Johnston, 150 Tex. 174, 238 S.W.2d 957; Edwards v. Roberts, Tex.Civ.App., 233 S.W.2d 592; Lucchese v. Mauermann, Tex.Civ.App., 195 S.W.2d 422; Pippin v. Holland, Tex.Civ.App., 146 S.W.2d 266; Marks v. Jackson, Tex.Civ.App., 130 S.W. 2d 925. When election officers permit a person to vote, a presumption arises that such action was proper and that such person is a legal voter. Willow Hole Independent School District v. Smith, Tex.Civ. App., 123 S.W.2d 708; Neil v. Pile, Tex. Civ.App., 75 S.W.2d 899; Schwander v. Davis, Tex.Civ.App., 69 S.W.2d 815.

The burden of going forward with the evidence has been well summarized: (1) The burden remains upon a party until he has satisfied the judge that his evidence is sufficient to go to the jury. (2) It shifts to or is cast upon the opposite party only when the proponent's evidence is sufficient to entitle him to a ruling that the opponent shall lose if he fails to come forward with evidence. McCormick and Ray, Texas Law of Evidence, § 28. The method pursued by contestant to prove the lack of qualifications was a correct one. McCrary on Elections (4th Ed.), § 469; McCormick v. Jester, 53 Tex.Civ.App. 306, 115 S.W. 278, 283. But McCrary, in Section 469, states with reference to such proof: "If the district or territory within which the voter must reside is large, or very populous, and the witness has not an intimate and extensive acquaintance with the inhabitants, the evidence will be of little value, and standing alone will avail nothing." An examination of the evidence adduced from contestant's witnesses shows that they possessed a tremendous lack of knowledge about the election district, its inhabitants, and the voters in question. The knowledge of the witnesses was discredited on cross-examination.

Some of the witnesses testified that there were persons who reside outside the election district who possess the same names as the challenged voters. On that basis two qualified voters living in different precincts could both be disfranchised because they have the same names. The fact that persons living outside Precinct 2 may possess the name of a person whose name is on the poll list and who voted inside Precinct 2, does not prove identity. To destroy the vote, the non-resident must be identified as the one who voted. Similarity of names did not overcome the presumption that the election officials did their duty. De La Garza v. Gonzalez, Tex.Civ. App., 186 S.W.2d 845; McCann v. State, 123 Tex.Cr.R. 626, 60 S.W.2d 451; Reid v. King, Tex.Civ.App., 227 S.W. 960, 962.

In seeking to invalidate a vote, the contestant has the burden to prove the negative of every theory upon which the vote could have been legal. Willow Hole Independent School District v. Smith, Tex. Civ.App., 123 S.W.2d 708. No effort was made to negative the causes which entitle a person to vote, though absent from the county of his residence.

The other points are overruled, and the order of the court is affirmed.