Ronnie MILLER, Appellant,

v.

Howard HILL, Appellee.

No. A14–85–429–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 2, 1985.

Rehearing Denied Sept. 12, 1985.

C.J. Kling of Lawrence, Thornton, Payne, Watson & Kling, Bryan, for appellant.

Mark D. Davidson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

PER CURIAM.

This is an appeal of an election contest for the office of sheriff of Brazos County, Texas. The trial judge found the election void and ordered that a new election be held; we reverse and render judgment for appellant and contestee, Ronnie Miller.

At the general election held on November 6, 1984, appellant was elected sheriff of Brazos County, Texas. On November 20, 1984, the Commissioner's Court of Brazos County canvassed the results of the general election and declared that appellant received 22,146 votes and appellee and contestant, Howard Hill, received 21,984 votes.

On December 4, 1984, appellee and contestant, Howard Hill, filed his Petition and Notice of Election Contest. On December 21, 1984, appellant filed his contestee's bond. At the trial both parties stipulated that the election canvass was correct and the difference was 162 votes in favor of Ronnie Miller. The evidence at trial was principally from Mr. Gerald Winn, the tax assessor and voter registrar of Brazos County, concerning the existence of any records showing certain persons were registered to vote and from Mary Ann Ward, a deputy county clerk of Brazos County, concerning signatures on the combination vot-er's roster and the affidavits of a challenged voter. No voters were called to testify at the trial.

On April 2, 1985, Judge Arthur Lesher, Jr., signed a judgment holding that illegal votes were cast in the November 6, 1984, general election held in Brazos County, Texas, and that the number of such illegal votes was sufficient to change the outcome of the election for the office of sheriff of Brazos County, Texas. His judgment further held that the election for the office of sheriff of Brazos County be declared void and ordered the county officials charged by law with calling and holding elections for the sheriff's office to call another election for the office of sheriff on the earliest possible date.

Appellant brings twenty seven points of error on appeal. Appellant argues in point of error nine that the trial court erred in finding that 218 persons who never made a valid application for a voter registration certificate voted in the election for the office of sheriff of Brazos County because there is no evidence that any of the 218 persons voted in that election. Appellant is challenging Finding of Fact (7) which states, "218 persons voted in that election who never made a valid application for a voter registration certificate in Brazos County, Texas." We interpret "election" to mean the contested sheriff's election, not the entire general election ballot. Appellant in point of error eleven additionally challenges finding of fact (8) which reads:

> 28 other persons voted in that election whose applications for voter registration certificates were post-marked on, or after, October 8, 1984, or were received by the Tax Assessor-Collector of Brazos County, Texas, on, or after, October 8, 1984.

He argues the trial court erred because there is no evidence that any of the 28 person voted in the sheriff's election for the office of sheriff of Brazos County.

■ In considering legal insufficiency points of error the court will consider only

the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may be drawn therefrom, and disregarding all conflicting evidence. If upon such review the court finds there is a complete absence of evidence of probative force to support the finding, or only a scintilla of evidence to support it, the point must be sustained. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

Appellant in point of error number twenty-two asserts that the trial judge abused his discretion in determining that the number of alleged illegal votes affected the outcome of the election for the office of sheriff of Brazos County. The duties of the trial court in an election contest are clear. TEX.ELEC.CODE ANN. art. 9.14 (Vernon 1975) provides:

> If any vote or votes are found upon the trial of any contested election to be illegal or fraudulent, the trial court shall subtract such vote or votes from the poll of the candidate who received the same, and after a full and fair investigation of the evidence shall decide to which of the contesting parties the office belongs.

TEX.ELEC.CODE ANN. art. 9.15 (Vernon 1975) provides:

> If it appears on the trial of any contest provided for in Section 134 [art. 9.06] that it is impossible to ascertain the true result of the election as to the office about which the contest is made, either from the returns of the election or from any evidence within reach or from the returns considered in connection with other evidence, or should it appear from the evidence that such a number of legal voters were, by the officers or managers of the election, denied the privilege of voting as, had they been allowed to vote, would have materially changed the result, the court shall adjudge such election void, and direct the proper officers to order another election to fill said office;

which election shall be ordered and held and returns thereof made in all respects as required by the general election laws of the State.

Finally TEX.ELEC.CODE ANN. art. 9.38b (Vernon Supp.1985) provides:

> In an election contest or criminal proceeding in which the issue is relevant, any voter who fraudulently or illegally casts a ballot or who casts a fraudulent or illegal ballot at any general, special, or primary election may be required and compelled, after the fraud or illegality has been established by competent evidence before a tribunal of competent jurisdiction, to disclose in testimony before the tribunal having jurisdiction of the matter the name of any candidate for whom he voted and the way he voted on any question at the election. The voter's testimony may be impeached by the testimony of other witnesses in regard to statements by the voter, either before or after the election, or by other competent evidence; and the issue of how the voter voted shall be decided on the basis of all the evidence before the tribunal.. In an election contest, instead of undertaking to determine how individual voters voted, the tribunal may declare the election void and order another election if the number of illegal votes is sufficient to change the outcome of the election. This section applies to election contests and criminal proceedings instituted under any provision of this code or under any other statute of this state.

In point of error fifteen and sixteen appellant argues that the trial court erred when it concluded that the number of illegal votes cast in the election for the office of sheriff of Brazos County made the basis of this contest was sufficient to change the outcome of the election and when it entered judgment for appellee based upon that determination. In point of error eighteen appellant argues that there is no evidence that a sufficient number of illegal votes were cast in the election for

the office of Brazos County sheriff to change the outcome of the election.

The burden of proving illegality or fraud in an election contest is on the contestant. *Wright v. Board of Trustees of Tatum Independent School District,* 520 S.W.2d 787 (Tex.Civ.App.—Tyler 1975, writ dism'd); *Grizzaffi v. Lee,* 517 S.W.2d 885 (Tex.Civ.App.—Fort Worth 1975, writ dism'd). A contestant must prove: (1) illegal votes, (2) illegal votes were cast in the election being contested, and (3) that a different and correct result would have been reached by not counting certain specified votes affected by the illegalities. Appellee in his brief and during oral argument concedes that he did not prove any of the illegal voters voted in the election for the office of sheriff of Brazos County. Without such proof, appellee has not shown that illegal votes were cast in the contested election, the election for the office of sheriff of Brazos County, Texas, and that a different and correct result should have been reached by not counting certain votes affected by the illegalities.

The court has reviewed the entire record in the instant case. We find that there was *no* evidence whatsoever to support the finding that 218 persons who never made a valid application for a voter registration certificate voted in the sheriff's election or that 28 persons voted in the election for the office of sheriff of Brazos County whose applications for voter registration certificates were post-marked on, or after October 8, 1984, or were received by the tax-assessor-collector of Brazos County, Texas, on or after, October 8, 1984. Further, we find that the trial judge abused his discretion in determining that the number of alleged illegal votes affected the outcome of the election for the office of sheriff of Brazos County and in declaring the election void and ordering a new election. Accordingly the judgment of the trial court is reversed and rendered. We enter judgment that all relief requested by contestant be denied, that he take nothing, and all costs are adjudged against contestant.